**William A. FOREMAN, t/d/b/a Sensations Bar & Grill, Appellants,**

v.

**UNION TOWNSHIP ZONING HEARING BOARD.**

Commonwealth Court of Pennsylvania.

Argued June 7, 2001.
Decided Nov. 15, 2001.

John J. Mooney, III, Hanover, for appellants.

Beverly J. Points, Hanover, for appellee.

Before DOYLE, President Judge, FRIEDMAN, Judge, MIRARCHI, Jr., Senior Judge.

MIRARCHI, Senior Judge.

William A. Foreman (Foreman), t/d/b/a Sensations Bar & Grill, appeals from an order of the Court of Common Pleas of Adams County that affirmed the decision of the Union Township Zoning Hearing Board (Board) denying his request for permission to provide adult entertainment at his bar/restaurant. Foreman contends, *inter alia*, that the adult entertainment currently provided at his bar/restaurant constitutes a preexisting nonconforming use permitted as of right under the Union Township Zoning Ordinance (Ordinance), *as amended*. We reverse.

The following relevant facts were presented at a hearing held before the Board. Foreman owns the subject property located at 880 Hanover Pike in Union Township (Township), Adams County within the Community Commercial zoning district. Foreman has operated a bar/restaurant on the subject property since 1984. On November 15, 1995, the Township amended the Ordinance enacted in 1986, listing in Section 507.B uses permitted in the Community Commercial zoning district. Although a bar/restaurant was not one of the permitted uses under Section 507.B, Foreman was permitted to continue to operate his bar/restaurant as a preexisting nonconforming use because it existed at the time of the amendment of the Ordinance. In July 1998, Foreman changed the trade name of his bar/restaurant to Sensations Bar & Grill (Sensations).

In a letter dated August 27, 1998, the Township zoning officer informed Fore-

man that he employed dancers to perform at Sensations in possible violation of the Ordinance which did not permit operation of an "adult-related facility" in the Community Commercial zoning district. Section 202 of the Ordinance defines an "adult related facility" as "[a] business or establishment which offers his patrons services or entertainment characterized by an emphasis on matters depicting, describing or relating to 'specified sexual activities' or 'specified anatomical areas.' " The zoning officer advised Foreman that if he claimed that he had previously employed dancers at his establishment before the amendment of the Ordinance, he must furnish conclusive evidence supporting his claim.

Foreman thereafter submitted fourteen documents to the zoning officer: (1) copies of the contracts entered into with certain companies which had provided male and female dancers and models to perform at his bar/restaurant in 1985, 1988 and 1989; and (2) copies of the invoices for the advertisements placed in the newspaper in September and October 1995 just before the amendment of the Ordinance, advertising adult entertainment at his establishment. In a subsequent letter dated November 2, 1998, the zoning officer informed Foreman that he had "expanded [his] non-conforming use of providing adult-related dancers for entertainment to the public," and that a cease and desist order would be issued unless he obtains a special exception pursuant to Section 303.B of the Ordinance to expand the nonconforming use. Foreman then filed an application for special exception with the Board, alleging that the activities at his bar/restaurant had not changed since he opened it in 1984.

Proceeding *pro se* before the Board, Foreman testified that since 1984, he had provided the adult entertainment in the form of male and female dancing at his bar/restaurant, that he currently provides the same adult entertainment three nights a week, Thursday through Saturday, from 9:30 p.m., and that only adults over twenty-one years of age are permitted to enter the establishment when the entertainment is offered. The recent advertisements described the entertainment provided at Sensations as "wet T-shirt contest," "lingerie shows," and "dancing nights." The zoning officer testified that the fourteen documents submitted by Foreman showed that before November 1995, he had provided adult-related dancing at his bar/restaurant only fourteen times, which is "a very sporadic type of use." December 29, 1998 Hearing, N.T., p. 9.

The Board concluded that the current adult entertainment provided at Sensations was not permitted as a preexisting nonconforming use and is not of the same general character as the uses permitted in the Community Commercial zoning district. In support, the Board found that Foreman had provided only "casual, infrequent and sporadic" adult entertainment at his bar/restaurant before November 1995, that the current use of the property was therefore different from the use that existed before November 1995, and that by providing the adult entertainment at Sensations, Foreman unlawfully operated "an adult-related facility." The Board accordingly denied Foreman's application for a special exception.

On appeal, the trial court affirmed the Board's decision. The trial court rejected the Board's conclusion that Foreman was operating "an adult-related facility," but agreed with the Board that since July 1998, Foreman had increased the frequency of the adult entertainment provided at the bar/restaurant and that the current use of the property, therefore, cannot be considered a preexisting nonconforming use. Foreman's appeal to this Court followed.

■ Foreman contends that the Board erred in failing to conclude that the

current adult entertainment provided at his bar/restaurant constitutes a preexisting nonconforming use permitted as of right under the Ordinance.[1]

Section 202 of the Ordinance defines a "nonconforming use" as "[a] use, whether of land or of structure, which does not comply with the applicable use provisions herein or amendment heretofore or hereafter enacted, where such use was lawfully in existence prior to the application of this Ordinance or amendment to its location by reason of annexation." Section 301 of the Ordinance provides:

> If within the districts established by this ordinance or subsequent amendments there exist certain nonconformities which were lawful before this ordinance was adopted or amended, but which would be prohibited, regulated or restricted under the terms of this ordinance or amendment thereto, it is the intent of this ordinance to permit these nonconformities to continue until they are removed or discontinued, but not to encourage their survival.

■ It is well established that a lawful nonconforming use establishes in the property owner a vested property right which cannot be abrogated or destroyed, unless it is a nuisance, is abandoned, or is extinguished by eminent domain. *PA Northwestern Distributors, Inc. v. Zoning Hearing Board of the Township of Moon,* 526 Pa. 186, 584 A.2d 1372 (1991). In order to establish a preexisting nonconforming use, the landowner must present objective evidence demonstrating that the subject land was devoted to the use at the time of the enactment or amendment of the zoning ordinance which rendered the use nonconforming. *Appeal of Lester M. Prange, Inc.,* 166 Pa.Cmwlth. 626, 647 A.2d 279 (1994).

In this matter, the Board did not reject Foreman's claim that he had provided the adult entertainment at his bar/restaurant since 1985 prior to the amendment of the Ordinance in November 1995. Foreman's claim was supported by the fourteen documents submitted to the zoning officer. On September 11 through September 16, 1995 and October 26, 1995, just before the amendment of the Ordinance, Foreman advertised in the newspaper the performance of male and female dancers at his bar/restaurant. The advertisements described the adult entertainment at the bar/restaurant as "Exotic Female Dance Review;" and "International Calendar Dolls."

Foreman testified that before he changed the name of the establishment in July 1998, he had provided the same adult entertainment at the establishment twice a month and that he submitted only the fourteen documents because he was not told by the zoning officer to bring his "whole file cabinet." N.T., p. 47. The zoning officer also acknowledged the existence of the preexisting nonconforming use when he stated that he considered the entertainment currently provided at Sensations three nights a week "expansion of an existing nonconforming use." N.T., p. 10. Thus, Foreman established the existence of the adult entertainment at his bar/restaurant at the time of the amendment of the Ordinance in November 1995.[2]

1. This Court's scope of review in zoning cases, where, as here, the trial court did not take any additional evidence, is limited to determining whether the Board committed an error of law or manifest abuse of discretion. *Teazers, Inc. v. Zoning Board of Adjustment of the City of Philadelphia,* 682 A.2d 856 (Pa. Cmwlth.1996). The Board abuses its discretion, if its findings are not supported by substantial evidence, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

2. As the trial court correctly stated, the relevant issue in this matter is whether Foreman

■ To qualify as a continuation of an existing nonconforming use, a proposed use need not be identical to the preexisting use. *Limley v. Zoning Hearing Board of Port Vue Borough*, 533 Pa. 340, 625 A.2d 54 (1993). As long as the proposed use is sufficiently similar to the use that existed at the time of the enactment of the zoning ordinance, the proposed use may not be characterized as a new or different use. *Id. See, e.g., Pappas v. Zoning Board of Adjustment of the City of Philadelphia*, 527 Pa. 149, 589 A.2d 675 (1991) (the pizza restaurant with forty seats was similar to the existing take-out sandwich shop with the limited seats); *Limley* (the proposed public restaurant was sufficiently similar to the nonconforming use of the property as a nonprofit private club); *Mutimer Co. v. Wagner*, 376 Pa. 575, 103 A.2d 417 (1954) (the proposed machinery sales office was similar to the existing use of the property as the real estate office).

■ Thus, where, as here, it is determined that a nonconforming use was in existence at the time of the enactment of the zoning ordinance, an overly technical assessment of the subsequent use cannot be utilized to stunt its natural development and growth. *Township of Chartiers v. William H. Martin, Inc.*, 518 Pa. 181, 542 A.2d 985 (1988). As the Pennsylvania Supreme Court explained, "[i]f we were to prevent the natural growth and expansion of a protected non-conforming use, we would invade the constitutional guarantees of due process which indeed brought the non-conforming principle into being." *Upper Darby Township Appeal*, 391 Pa. 347, 354, 138 A.2d 99, 102 (1958).

■ Under the doctrine of natural expansion, a nonconforming use cannot be limited to the precise magnitude of the use which existed at the time of adoption of the ordinance. *Humphreys v. Stuart Realty Corp.*, 364 Pa. 616, 73 A.2d 407 (1950). A nonconforming use may be expanded in scope, as the business increases in magnitude, over the ground occupied by the owner for the business at the time of the enactment of the zoning ordinance. *Chartiers; Peirce Appeal*, 384 Pa. 100, 119 A.2d 506 (1956); *Lester M. Prange, Inc.* The mere increase in intensity of the use does not justify a finding of a new or different use. *Limley.*

In this matter, the record establishes that the services provided at Foreman's establishment have not changed since 1984. Foreman still serves food and drinks and provides the adult entertainment in the form of male and female dancing, as he did prior to the November 1995 amendment of the Ordinance. The mere fact that since July 1998, he has increased the *frequency* of the adult entertainment to three nights a week does not render the current use of the property a new or different use, for the purpose of determining whether Foreman is entitled to continue the nonconforming use that existed at the time of the amendment of the Ordinance. *See Chartiers* (the operator of the sanitary landfill existing as a legal nonconforming use had the absolute right to increase the daily volume of intake under the doctrine of natural expansion; a change in method or quantity of a nonconforming use does not constitute a new use). Since the current use of Foreman's property is sufficiently similar to the use that existed before November 1995, the current use should be permitted as a preexisting nonconforming use.

To support its contention that the current use of Foreman's property cannot be considered a preexisting nonconforming

---

is entitled to continue the use in existence at the time of the amendment of the Ordinance as a preexisting nonconforming use, not

whether Foreman's facility should be considered an adult-related facility.

use, the Township relies on *Philm Corp. v. Washington Township,* 162 Pa.Cmwlth. 126, 638 A.2d 388 (1994), *appeal denied,* 540 Pa. 635, 658 A.2d 798 (1995), in which this Court concluded that the previous restaurant/bar was not sufficiently similar to the new establishment providing live entertainment with food and drinks being served only incidental to such entertainment. The evidence in *Philm* showed that while only occasional live and non-live entertainment was offered at the previous restaurant/bar, there was daily continuous entertainment throughout the entire hours of business at the new establishment. In addition, the selections of the menu offered at the previous restaurant/bar was so severely reduced at the new establishment that it was unnecessary for the owner to employ waiters or waitresses to serve meals.

Unlike *Philm,* the evidence in this matter demonstrated that the main characteristics of Foreman's business had not changed from the bar/restaurant to a new establishment mainly devoted to adult entertainment. Foreman still serves food and drinks daily and offers the adult entertainment only three nights a week from 9:30 p.m., not throughout the entire daily business hours as in *Philm.* Hence, *Philm* is clearly distinguishable and does not support the Township's contention.

Because Foreman's current use was permitted as a preexisting nonconforming use, he was not required to obtain a special exception pursuant to Section 303.B of the Ordinance applicable to expansion of a nonconforming use.

■ Even assuming, *arguendo,* that Foreman's current use of the property constitutes expansion of the nonconforming use, the Board's denial of the request for special exception was improper. It is well established that a use permitted by a special exception is a use which the municipal legislative body has determined to be appropriate in the zoning district, if specific standards set forth in the zoning ordinance are met. *Mehring v. Zoning Hearing Board of Manchester Township,* 762 A.2d 1137 (Pa.Cmwlth.2000). Further, by permitting a particular use by a special exception, the legislative body has determined that such use will not have adverse impact upon the public health, safety and welfare in normal circumstances. *Appeal of Martin,* 108 Pa.Cmwlth. 107, 529 A.2d 582 (1987).

In permitting expansion of a non-residential nonconforming use by a special exception, Section 303.B of the Ordinance only requires compliance with certain *dimensional* standards and criteria set forth therein, such as the maximum areas of the expansion, and minimum setback, yard and lot coverage. In his application, Foreman did not seek to dimensionally expand the area devoted to the nonconforming use. Foreman's compliance with the required standards and criteria under Section 303.B was not an issue before the Board. Further, the Board did not find that the current use would have adverse impact on the public health, safety and welfare in normal circumstances.

Instead, the Board concluded that Foreman's current use is not of the same general character as the uses permitted by right in the Community Commercial zoning district and that he was not therefore entitled to a special exception under Section 402.D.1 of the Ordinance ("Uses Not Provided For"). Section 402.D.1 provides: "Uses of the same general character as the uses permitted by right shall be allowed if determined by the Board of Supervisors or the Zoning Hearing Board as a conditional use or special exception, respectively that the impact of the use on the environment and adjacent streets and properties is equal to or less than any use specifically listed in the District."

By its own terms, however, Section 402.D is applicable only to "Uses Not Provided For" by the Ordinance. In relying on Section 402.D.1 to deny Foreman's application, the Board totally disregarded the express language of Section 301 of the Ordinance permitting a preexisting nonconforming use to continue, even if such use is not a permitted use in any zoning district. The Board therefore committed an error of law in relying on Section 402.-D.1 to deny Foreman's application.[3]

Accordingly, the order of the trial court is reversed.

### ORDER

AND NOW, this 15th day of November, 2001, the order of the Court of Common Pleas of Adams County in the above-captioned matter is reversed.

---

3. Due to our conclusion that Foreman established a preexisting nonconforming use and that the Board erred in denying Foreman's application, it is unnecessary to address the other issues raised by the parties, i.e., whether the Ordinance defining the term "an adult-related facility" is unconstitutional for its vagueness; whether the local zoning authority may regulate the establishment licensed by the Pennsylvania Liquor Control Board; whether the Ordinance should be declared invalid due to noncompliance with the procedural requirements in its enactment; and, whether Foreman waived the issue of the validity of the Ordinance and the issue of the preemption.