# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RAV Collision Services, Inc.      :
     :
     v.      : No. 1685 C.D. 2019
     :
Zoning Hearing Board of the Borough      :
of Hatboro      :
     :
Appeal of: Laura T. Doyle, Executrix of  :
the Estate of Joseph J. Doyle, Deceased  :


RAV Collision Services, Inc.,      :
     :
     Appellant      :
     :
     v.      : No. 1886 C.D. 2019
     : Argued: March 15, 2021
Zoning Hearing Board of the      :
Borough of Hatboro      :


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
            HONORABLE ANNE E. COVEY, Judge (P.)
            HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED: July 15, 2021


       In this land use appeal, RAV Collision Services (Applicant) and Joseph

Doyle (Owner)[1] appeal the order of the Montgomery County Court of Common

---

[1] When the appeal was filed, Owner was Joseph Doyle. Mr. Doyle died on October 20, 2020, while this appeal was pending. Per Pa. R.A.P. 502(a), this Court granted Owner's application to substitute Laura T. Doyle, Executrix of the Estate of Joseph Doyle, and to amend the caption of the appeal at 1685 C.D. 2019.

Pleas (trial court) that denied their appeal of, and upheld the decision of, the Zoning Hearing Board of the Borough of Hatboro (Board), which denied Applicant's land use application and variance request to operate an automobile repair shop on Owner's property in the Borough of Hatboro, Montgomery County (Borough), as a continuation of Owner's nonconforming use.[2] For the reasons that follow, we affirm.

## I. Facts and Procedural Background

In 2018, Applicant filed an application seeking a determination that its proposed use of Owner's property to operate an automobile repair shop is a continuation of Owner's nonconforming use to operate a machine sales business. Owner purchased the property in 1983, and he operated Joseph J. Doyle Machine Tool Sales, Inc., a heavy equipment sales business, on site since that time. When he bought the property, machine sales were a permitted use in the HI-Heavy Industrial District. In 1985, the Borough enacted amendments to its zoning ordinance, which included creation of the O-Office District where Owner's machine sales business is located. Owner's machine sales business was no longer a permitted use in this district, but he was permitted to continue operation as a preexisting nonconforming use.[3]

---

[2] It appears that a second notice of appeal from the trial court's order dated October 10, 2019, was filed in the trial court, but never transmitted to this Court in accordance with Pa. R.A.P. 905(b). By Order of Court dated March 12, 2021, the appeal of RAV Collision Services, Inc. was docketed at 1886 C.D. 2019, and the appeals docketed at 1886 C.D. 2019 and 1685 C.D. 2019 were consolidated.

[3] Section 27-2101(1) of the Borough of Hatboro Zoning Ordinance of 1985 (zoning ordinance) provides for the continuation of nonconforming uses as follows:

**(Footnote continued on next page…)**

2

Beginning in 2014, Applicant leased property across the street from Owner's building, where it operates an automobile repair shop. Applicant's business grew and it desired additional space to expand its business, which it sought by securing a lease to use Owner's property. Because an automobile repair shop is not a permitted use on Owner's property, Applicant sought a determination from the Board that its automobile repair business is a lawful continuation of Owner's machine sales business. Applicant relied on the description of "Automotive and allied sales and services" (automotive and allied sales and services) in the zoning ordinance to support its application.[4]

---

**§ 27-2101. Nonconforming Buildings, Structures, and Uses.**

> 1. Continuation. Any lawful building or other structure, any lawful use of a building or other structure or land, existing on the effective date of this chapter, which does not conform with the provisions of this chapter, shall be considered a lawful nonconforming building, structure, or use, and may be continued except as otherwise provided herein.

Borough of Hatboro, Pa. Zoning Ordinance, §27-2101(1)(1985).

[4] Section 27-1502(C)(7) of the zoning ordinance describes prohibited uses in the HI-Heavy Industrial District as follows:

> **§ 27-1502. Use Regulations for HI Heavy Industrial District and HI-MU Heavy Industrial-Mixed Use District.**
>
> * * *
>
> C. Prohibited Uses.
>
> * * *
>
> (7) Automotive and allied sales and services. Service stations, repair shops, used car and truck sales, automotive parts and accessories, new car and truck sales, boat and marine sales, trailer

**(Footnote continued on next page…)**

The Board held public hearings on Applicant's request on December 12, 2018, and January 9, 2019. Applicant offered the testimony of Owner, Mr. Doyle, and Applicant's representative, Anton Kozlov, along with documentary exhibits. The Borough offered the testimony of Borough Zoning Officer Michael Italia (Borough Zoning Officer), along with documentary exhibits. Several neighbors who objected and submitted comments to Applicant's request were also present at the hearings. Applicant submitted several letters of support from customers and business owners.

Owner testified that he bought the property in 1983 and that he has operated a machine sales business continuously since that time. Owner described his business as follows: "We accept machinery being delivered from different manufacturers across the country. Also, from Europe and Japan. We accept them. Sometimes hold them for a week or a month until a customer would be ready to install them. We then truck them to the final destination and did an installation." Reproduced Record (R.R.) at 102a. Owner clarified that his business involved heavy equipment sales, but did not include "machining" because it does "not manufacture anything." *Id.* at 107a.

Anton Kozlov testified as one of the owners and a representative of Applicant. Kozlov testified that he operates an automobile repair business, focusing on body work and painting, from the property located across Springdale Avenue from Owner's property. Kozlov described his business as "dealing with everything.

---

sales, heavy equipment, and/or farm implement sales, bicycle and motorcycle shop.

Borough of Hatboro, Pa. Zoning Ordinance, §27-1502(C)(7)(1985).

The same description of automotive and allied sales and services is also found in Section 27-1302(1)(C) of the zoning ordinance as a permitted use in the HB-Highway Business District.

I mean people call me, they got in an accident. We have a picture the other day the car got in an accident. It looks like a mess. So the car gets totaled. It comes to us. It is sitting there." R.R. at 112a. Applicant's proposed use of Owner's property is to park finished cars inside and around the building after he has completed repair or painting, allowing him to keep the work area at Applicant's current facility clear. *Id.* at 125a-26a. Kozlov explained, "Currently, like I said, I spent and my guys spent twenty to thirty hours a week moving cars around. So as soon as we get another property for these cars, as soon as we can get [Owner's] property, we can move these cars a lot easier." *Id.* at 134a. Kozlov believed up to 50 cars could be moved from the street if Applicant was permitted to use Owner's property. *Id.* at 126a-27a. Kozlov testified further that Applicant entered into a commercial lease to rent a parking lot elsewhere in the Borough for the purpose of parking and storing cars. *Id.* at 209a-10a; 214a. Kozlov stated that "with the new lease and with the new property with 7,500 square feet, we will be able to manage and keep both properties very clean so it's not going to cause irritation to the neighbors, causing traffic et cetera." *Id.* at 232a.

The Borough Zoning Officer testified that he was familiar with both properties in this appeal. He stated that an automotive repair business would be a permitted use in the HB-Highway Business District under the current zoning ordinance. R.R. at 144a-46a; 150a-51a. The Borough Zoning Officer confirmed that although Owner's machine sales business is not a permitted use in the O-Office District under the current zoning code, it is a lawful nonconforming use based on Section 27-2101 of the zoning ordinance. *Id.* at 149a-50a.

Applicant presented testimony and several letters of support for his proposal from neighboring businesses that were admitted into evidence. R.R. at

5

156a; 257a-61a. Several neighbors residing near Owner's property testified in opposition to Applicant's request, outlining their concerns regarding truck traffic, parking difficulties, noise and odor hazards, and other concerns stemming from Applicant's auto repair business. *Id.* at 159a-86a.

During the January 9, 2019 hearing, in response to the Board Chair's question about the difference between Owner's and Applicant's use of their properties, Applicant's counsel replied as follows: "On their face, yeah. They're not going to have the same customers. They are selling different equipment. They've got automotive repair, and he's selling farm equipment." R.R. at 223a-24a. However, Applicant argued that because both uses are contained in the same zoning ordinance classification of automotive and allied sales and services, Owner should be permitted to continue his lawful nonconforming use by leasing his property to Applicant to perform auto repairs.

On February 13, 2019, the Board issued a decision denying Applicant's request to operate his automotive repair business on Owner's property as a continuing nonconforming use. The Board also denied Applicant's request for alternative relief in the form of a variance. R.R. at 528a-39a. The Board's decision included detailed Findings of Fact and Conclusions of Law. *Id.* Contrary to Applicant's and Owner's assertions, the Board concluded: "The proposed use as an automotive repair shop use is not a continuation of an existing nonconforming use as under Zoning Ordinance 27-2101." *Id.* at 538a. Applicant's proposed use "does not satisfy the requirements for a pre[]existing nonconforming use because the proposed use as an automotive repair business is entirely different than the ongoing and continuing use as a machine shop." *Id.* at 534a. Further, because the Borough zoning ordinance "does not contain a 'change of use' provision" which would allow

6

"a nonconforming building or use to be changed to another use of the same class or character that existed at the time the property use became nonconforming," Applicant's change of use proposal is not supported by the Borough zoning ordinance. *Id.* at 535a-36a.

As to Applicant's request for alternative relief in the form of a variance from Section 1002(1) of the zoning ordinance to permit its auto repair business to operate in the O-Office District, the Board concluded that neither Owner nor Applicant had met the heavy burden to grant a variance, and they offered "no substantial, serious or compelling" reasons to support granting a variance. R.R. at 538a. The Board explained that variances may be granted when all of the requirements under Section 910.2(a) of the Pennsylvania Municipalities Planning Code (MPC)[5] are met. The Board concluded that Applicant failed to present

---

[5] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10910.2(a). Section 910.2(a) of the MPC provides that all of the following five conditions must be met to permit the grant of a variance:

> (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

> (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

> (3) That such unnecessary hardship has not been created by the appellant.

**(Footnote continued on next page…)**

7

testimony or evidence to meet any of the elements to satisfy the variance requirements. The Board stated that Applicant's request, if granted, "will alter the essential character of its neighborhood and district," thus failing to satisfy MPC Section 910.2(a)(4). The Board found that "testimony from [] Applicant indicated that his business continues to expand. Such continued expansion of the business would likely alter the character of the neighborhood." R.R. at 537a-38a. The Board also concluded that Applicant failed to show that the requested variance represents the "minimum variance" that will afford relief, or that it represents the "least possible modification" of the zoning regulation at issue, as required by MPC Section 910.2(a)(5). The Board found that "[t]he Subject Property could be developed without the need for obtaining the requested variance." *Id.* at 538a-39a.

Accordingly, the Board denied Applicant's request to permit continuation of a nonconforming use and denied Applicant's request for a variance. R.R. at 539a. Applicant timely appealed the Board's decision to the trial court, which affirmed the decision without taking additional evidence. R.R. at 587a.

---

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

8

Applicant then filed an appeal to this Court.[6]  Owner and the Borough intervened as of right.[7]

## II. Discussion

Owner presents two issues on appeal.  First, Owner argues that the Board abused its discretion or erred as a matter of law in determining that Applicant's proposed use of Owner's property to operate an automobile repair shop was not a continuation of Owner's existing nonconforming use to operate a machine sales shop.  Second, Owner argues that the Board abused its discretion or erred in determining that Applicant was not entitled to a variance to operate an automobile repair shop on Owner's property.

## A. Continuation of Nonconforming Use

The parties agree to the following facts.  Owner maintains a valid, nonconforming use at the Property.  Owner's machine sales business qualifies as automotive and allied sales and services under the zoning ordinance.  The parties also agree that Applicant's proposed use of the property as an automobile repair shop qualifies as automotive and allied sales and services under the zoning ordinance.  However, Owner argues that because both machine sales and automotive repair are contained within automotive and allied sales and services, Owner should be

---

[6] "Because the parties presented no additional evidence after the [Board's] decision, our review is limited to determining whether the [Board] committed an abuse of discretion or an error of law." *Allegheny Tower Associates, LLC v. City of Scranton Zoning Hearing Board*, 152 A.3d 1118, 1121 n.3 (Pa. Cmwlth. 2017) (citation omitted).

[7] Objectors Michael Potts and Theresa Urban were intervenors below.  They are not parties to this appeal.

9

permitted to lease his property to Applicant for use as an automotive repair shop as a continuing nonconforming use.

As to the continuation of a nonconforming use, Owner explains that the proposed use "must be sufficiently similar to the nonconforming use as to not constitute a new or different use." *Itama Development Associates, LP v. Zoning Hearing Board of Township of Rostraver*, 132 A.3d 1040, 1051 (Pa. Cmwlth. 2016) (citations omitted). "The proposed use need not, however, be identical to the existing use; similarity is all that is required." *Id.* Owner relies on the following language from *Aviv & Eden Realty, LLC v. City of Philadelphia Zoning Board of Adjustment* (Pa. Cmwlth., No. 129 C.D. 2011, filed November 17, 2011), slip op. at 5:[8]

> The key to determining whether a proposed use is a "continuance" of a lawful non[]conforming use or a "change" to a different one is a review of how the applicable zoning ordinance categorizes uses within the municipality. If the proposed use is within the ambit of the classification found in that ordinance, then it is a continuance of an existing lawful non[]conforming use, not a new one.

In that case, Aviv sought to legalize the use of its property for an auto body repair shop in a district that allowed auto repair shops to continue as a nonconforming use. This Court reversed the City of Philadelphia Zoning Board of Adjustment's decision when it held that an auto body repair shop was a use similar enough to an auto repair shop to justify continuation as a nonconforming use. This Court held that because auto repair and auto body repair are similar overall uses,

---

[8] Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a), authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent.

10

Aviv's proposed change from auto repair to auto body repair was a lawful continuing nonconforming use. *Aviv*, slip op. at 7-8.

Owner further relies on the following cases to support its argument that machine sales and auto repair uses are similar enough to constitute continued nonconforming uses when both uses are enumerated in the category of automotive and allied sales and services. *See Mutimer Company v. Wagner*, 103 A.2d 417 (Pa. 1954) (converting from an office for sale of real estate to an office for sale of machinery did not constitute a change in use); *Appeal of Supervisors of Upper Providence Township*, 198 A.2d 522 (Pa. 1964) (change from amusement park to a day camp and swim club was a continuation of a nonconforming use); *Lawrence v. Zoning Hearing Board of Lower Gwynedd Township*, 338 A.2d 779 (Pa. Cmwlth. 1975) (change from a dog breeding kennel to a dog boarding kennel was not a material change in use). Owner cites the testimony of the Borough Zoning Officer to support its contention that auto repair shops and machine sales shops are similar uses because they are contained within the same use category of automotive and allied sales and services. R.R. at 150a-53a.

Applicant's argument echoes Owner's argument as to the continuation of a nonconforming use. Applicant argues that the Board abused its discretion and erred when it determined Applicant's proposed use was not a continuation of Owner's lawful nonconforming use. Applicant urges that because both heavy equipment sales (Owner's use) and auto repair shops (Applicant's proposed use) are included in the automotive and allied sales and services category of uses in the zoning code, Applicant's proposed use should be considered a continuation of Owner's nonconforming use. Applicant argues that because the Borough included automotive and allied sales and services in its zoning ordinance that each use

11

described under this classification should be construed as continuation of the same use.

Applicant relies on the *Aviv* language discussed above and distinguishes case law cited by the Board. Applicant argues that *Hager v. West Rockhill Township Zoning Hearing Board*, 795 A.2d 1104 (Pa. Cmwlth. 2002), does not apply to this case. In *Hager*, this Court held that the evolution of a recreational campground into a campground that provided for seasonal and long-term use was not a natural expansion of the campground's lawful nonconforming use. *Id.* Applicant also argues that *200 W. Montgomery Ave. Ardmore LLC v. Zoning Hearing Board of Lower Merion Township*, 985 A.2d 996 (Pa. Cmwlth. 2009), does not apply to this case. In *200 W. Montgomery*, this Court held that conversion of an auto service bay to a single bay car wash was not a natural expansion of the gas station's lawful nonconforming use.

In response, the Borough argues that the Board's decision to deny Applicant's proposed use was supported by substantial evidence and should be upheld. The Borough argues that Owner's and Applicant's contentions that an auto repair shop is a continuation or expansion of machine sales is not supported by case law. The Borough notes that a proposed use must be sufficiently similar to the nonconforming use but need not be identical. *Hanna v. Board of Adjustment of the Borough of Forest Hills*, 183 A.2d 539, 543-44 (Pa. 1962). The Borough opposes Owner's and Applicant's argument that because machine sales shops and auto repair shops fit under the same general use category of automotive and allied sales and services, they must be viewed as sufficiently similar to justify continuation of Owner's nonconforming use. The Borough argues that machine sales shops and auto repair shops are not sufficiently similar to support a continuation of the

12

nonconforming use. The Borough argues that to interpret the zoning ordinance in this manner would lead to an absurd result. If the zoning ordinance was interpreted in the manner argued by Owner and Applicant, a nonconforming bicycle repair shop, a permitted use under automotive and allied sales and services, would be permitted to change to a service station, also permitted under automotive and allied sales and services, which the Borough argues is an absurd result.

The Borough further responds that in determining whether a proposed use is sufficiently similar to an existing nonconforming use, the doctrine of natural expansion must be given effect. The Borough cites *Philm Corporation v. Washington Township*, 638 A.2d 388 (Pa. Cmwlth. 1994), to illustrate the doctrine of natural expansion. In *Philm*, this Court held that a nonconforming restaurant/tavern could not expand its use to a new business named "The Fox," which featured continuous live go-go dancing, served little food, and no longer maintained wait staff. *Id.* The Court held that the chief activity on the property changed significantly and was not of the same general character as the prior use, and, therefore, did not qualify as a continuation or expansion of the preexisting nonconforming use. *Id*. The Borough also cites *Hunterstown Ruritan Club v. Straban Township Zoning Hearing Board*, 143 A.3d 538 (Pa. Cmwlth. 2016), to further explain natural expansion of a nonconforming use. In *Hunterstown*, this Court explained "the right to natural expansion is not unlimited and municipalities may impose reasonable restrictions on expansion of nonconforming uses." *Id.* at 546.

The Borough also notes that its zoning ordinance does not include a "change of use provision," which would allow a nonconforming use to be changed to another use of the same class or character that existed at the time the use became

nonconforming. Because the zoning ordinance does not contain a change of use provision, continuation of a nonconforming use is limited to similar uses only. Rather than focusing on the *Aviv* language discussed above, the Borough argues that *Aviv's* holding is inapplicable to this case, where this Court held that an auto body shop and an auto repair shop are both engaged in the same ultimate use and utilization of the property to qualify as sufficiently similar uses. Because there are currently no auto repairs occurring on Owner's property, the Borough argues that Owner is not entitled to change its use from machine sales to auto repairs as a continuation of a nonconforming use.

In this case, neither Owner nor Applicant cited any case law to support the assertion that a machine sales shop is a sufficiently similar use to an automobile repair shop use to permit a continuation of a nonconforming use. As this Court held in *Altpa, Inc. v. North Huntingdon Township Zoning Hearing Board*, 445 A.2d 1358, 1359-60 (Pa. Cmwlth. 1982), "[t]here is no constitutionally protected right to change from one nonconforming use to another. Allowance of a change of nonconforming use is based upon the ordinance and is limited to the ordinance's terms." As explained by the trial court that upheld the Board's decision, "'it is the policy of the law to closely restrict such nonconforming uses and to strictly construe provisions in zoning ordinances which provide for the continuance of nonconforming uses.' *Hanna*[, 183 A.2d at 543]." R.R. at 598a. "Allowing a dissimilar use to continue on the property 'could mean an almost indefinite continuance of a nonconforming use . . . which would be at complete variance with the spirit of the zoning ordinance, *i.e.*, the gradual elimination of nonconforming uses.'" *Id.* at 599a (quoting *Hanna*, 183 A.2d at 544).

14

Because the zoning ordinance in this case does not contain a "change of use" provision, Owner and Applicant must show that machine sales shop and auto repair shop uses are sufficiently similar to permit continuance of a nonconforming use, which they did not. Applicant's counsel acknowledged before the Board that, "Doyle has a machine tool shop which we believe is heavy equipment sales under the Zoning Ordinance. In the commonplace of whether you're comparing those two businesses on their face, they don't look like the same business or the same use." R.R. at 221a. Counsel further stated that, "They're not going to have the same customers. They are selling different equipment. They've got automotive repair, and he's selling farm equipment." *Id*. at 223a-24a; 264a.

Owner's reliance on the testimony of the Borough Zoning Officer to support its contention that auto repair shops and machine sales shops are similar uses because they are contained within the same use category of automotive and allied sales and services is misplaced. *Id*. at 153a. Review of the Borough Zoning Officer's complete testimony reveals that although he testified that machine sales and auto repair appear in the same category of use, automotive and allied sales and service, he did not agree that the two uses were sufficiently similar to support continuation of a nonconforming use on Owner's Property. *Id.* at 147a-53a. Owner's and Applicant's reliance on language from this Court's unpublished opinion in *Aviv* is not persuasive. Although auto repairs and machine sales uses are contained in a broader category of uses, here automotive and allied sales and services, they remain different uses, as Applicant's counsel admitted.

## B. Variance

Regarding the variance request, Owner argues that the Board abused its discretion and committed an error of law when it concluded Applicant's proposed use would alter the essential character of the neighborhood or district under MPC Section 910.2(a)(4). Owner argues that it presented ample evidence that Applicant's proposed use would improve the character of the neighborhood or district by reducing the number of vehicles parked on the street or visible areas of the current business. Owner also argues that Applicant met the other MPC variance requirements, but it included no support or evidence regarding these standards. Applicant did not address the variance issue in its argument.

In response the Borough argues that Owner failed to satisfy any of the requirements for a variance in MPC Section 910.2(a). The Borough notes that an applicant's burden to seek a variance is heavy, should be granted sparingly, and only under exceptional circumstances. *Appeal of Lester M. Prange, Inc.*, 647 A.2d 279, 283 (Pa. Cmwlth. 1994). The Borough further notes that the reasons for granting a variance must be substantial, serious, and compelling. *Singer v. Philadelphia Zoning Board of Adjustment*, 29 A.3d 144, 149 (Pa. Cmwlth. 2011). The Borough argues that Owner failed to present evidence to meet the unnecessary hardship threshold standard for a variance. Mere evidence that the zoned use is less financially rewarding than the proposed use is insufficient. *Marshall v. City of Philadelphia*, 97 A.3d 323, 330 (Pa. 2014); *Taliaferro v. Darby Township Zoning Hearing Board*, 873 A.2d 807, 812, (Pa. Cmwlth. 2005). Unnecessary hardship is established only where a condition renders a property almost valueless without a variance. *Taliaferro*, 873 A.2d at 812. The Borough argues that Owner presented no evidence that his property would be almost valueless if the variance was not

16

granted. The Borough argues that Owner's purported hardship is his desire to maximize development potential to his property, which is insufficient to compel a variance. The Borough also argues that Owner failed to demonstrate the variance would not alter the essential character of the neighborhood, that it would not substantially impair the appropriate use of adjacent property, that it would not be detrimental to the public welfare, and that the proposed variance represents the minimum effort to afford relief as required by MPC Section 910.2(a).

As to the variance issue, neither Owner nor Applicant provided sufficient support for Applicant's variance request under the five elements required by MPC Section 910.2(a). Although Applicant testified his proposed use of Owner's property would improve the character of the neighborhood by reducing the number of cars parked on the street, the Board found, "In contrast, testimony from the Applicant indicated that his business continues to expand. Such continued expansion of the business would likely alter the character of the neighborhood." R.R. at 537a. The Board is free to accept or reject the testimony of any witness, in whole or in part. *Hawk v. City of Pittsburgh Zoning Board of Adjustment*, 38 A.3d 1061, 1065 (Pa. Cmwlth. 2012). Therefore, we discern no error in the Board's conclusion that Applicant failed to demonstrate the variance would not alter the character of the neighborhood as required by MPC Section 910.2(a)(4).

Similarly, we can find no error in the Board's conclusion that Applicant failed to show that the variance sought is the minimum variance that will afford relief and will represent the least modification possible of the relevant zoning provision as required by Section 910.2(a)(5) of the MPC. Owner testified that if he was not permitted to lease his property to Applicant, he would utilize the space for trucks or other equipment necessary for his machine sales business, and "something would go

17

in there one way or the other." R.R. at 109a. We agree with the Board that the Property could be developed without the need for the requested variance. As a result, the Board did not abuse its discretion or commit an error of law when it denied Applicant's request to continue a nonconforming use on Owner's property nor in denying Owner's variance request

Accordingly, the trial court's order is affirmed.

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RAV Collision Services, Inc.      :
      :
      v.      : No. 1685 C.D. 2019
      :
Zoning Hearing Board of the Borough      :
of Hatboro      :
      :
Appeal of: Laura T. Doyle, Executrix of :
the Estate of Joseph J. Doyle, Deceased  :


RAV Collision Services, Inc.,      :
      :
      Appellant      :
      :
      v.      : No. 1886 C.D. 2019
      :
Zoning Hearing Board of the      :
Borough of Hatboro      :


# **O R D E R**


AND NOW, this 15<u>th</u> day of <u>July</u>, 2021, the order of the Montgomery County Court of Common Pleas dated October 10, 2019, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge